IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:25-592 |
| | ) | 18 U.S.C. § 1030(a)(5)(B) |
| | ) | 18 U.S.C. § 1030(i) |
| v. | ) | 18 U.S.C. § 982(a)(2)(B) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| WILLIAM JASON TAYLOR | ) | INDICTMENT |

## INTRODUCTION

At all times relevant to this Indictment:

1.    WILLIAM JASON TAYLOR was employed by Company C until in or around May 2023. WILLIAM JASON TAYLOR occupied a Senior Electronics Customer Service Support position for Company C. In this position, WILLIAM JASON TAYLOR was responsible for designing, fabricating, installing, and maintaining chemical dosing systems at various plants in South Carolina and Georgia. The systems WILLIAM JASON TAYLOR oversaw used a variety of pH, peracetic acid probes, flow meters, and other control regulating devices for the customers of Company C.

2.    Company C was a chemical distribution company offering industrial cleaning and processing chemicals. Company C had the capacity to access and control their chemicals at poultry processing facilities through various software systems. Company C had a facility located in Columbia, South Carolina.

3.    Company P was a poultry processor located in Sumter, South Carolina.

1

4. Company C installed a cellular modem that allowed employees of Company C to access its system using any device by typing in an IP address. Logging into the system gave Company C employees remote access to various controls. The network between Company C and the onsite controls at Company P were accessible by WILLIAM JASON TAYLOR.

5. When WILLIAM JASON TAYLOR separated from Company C in or around May 2023, he was required to turn in his keys, key fob, alarm code, cell phone, credit card, identification badge, and password sheet. Furthermore, his email was shut down, his alarm code was deactivated, his company accounts were reviewed, his cell phone was wiped clean, and his credit cards were deactivated.

6. However, many of the network and login capabilities remained in place after WILLIAM JASON TAYLOR separated from Company C.

7. WILLIAM JASON TAYLOR accessed the control system of Company C at the Company P facility through a cellular entry point after his separation from Company C.

8. Through his unauthorized access, WILLIAM JASON TAYLOR changed the distribution, flow rates and solution levels throughout multiple stages of the poultry processing at Company P by manipulating the levels of peracetic acid and sodium hydroxide. WILLIAM JASON TAYLOR turned off the alarm systems that would have indicated the problem, and he changed the email addresses of those who would have been sent notifications to the chemical amounts used and alerts.

9.     Peracetic acid and sodium hydroxide are hazardous chemicals that pose a health risk to humans, both in their under- and over-application.

10.     The actions of WILLIAM JASON TAYLOR were intended to cause damage to Company P.

## COUNT 1
### (UNAUTHORIZED COMPUTER ACCESS)

THE GRAND JURY CHARGES:

1.     Paragraphs 1 through 10 are incorporated herein by reference.

2.     On or about August 4, 2023, in the District of South Carolina, the Defendant, WILLIAM JASON TAYLOR, did knowingly and intentionally access a protected computer without authorization, and as a result of such conduct, did recklessly cause and attempt to cause damage through the improper application of chemical mixtures to poultry, as described above, and a threat to public health or safety;

All in violation of Title 18, United States Code, Section 1030(a)(5)(B).

## COUNT 2
### (UNAUTHORIZED COMPUTER ACCESS)

THE GRAND JURY FURTHER CHARGES:

1.     Paragraphs 1 through 10 are incorporated herein by reference.

2.     On or about August 7, 2023, in the District of South Carolina, the Defendant WILLIAM JASON TAYLOR, did knowingly and intentionally access a protected computer without authorization, and as a result of such conduct, did recklessly cause and attempt to cause damage through the improper application of chemical mixtures to poultry, as described above, and a threat to public health or safety;

All in violation of Title 18, United States Code, Section 1030(a)(5)(B).


## COUNT 3
### (UNAUTHORIZED COMPUTER ACCESS)

THE GRAND JURY FURTHER CHARGES:

1.     Paragraphs 1 through 10 are incorporated herein by reference.

2.     On or about August 8, 2023, in the District of South Carolina, the Defendant, WILLIAM JASON TAYLOR, did knowingly and intentionally access a protected computer without authorization, and as a result of such conduct, did recklessly cause and attempt to cause damage through the improper application of chemical mixtures to poultry, as described above, and a threat to public health or safety;

All in violation of Title 18, United States Code, Section 1030(a)(5)(B).

4

## COUNT 4
### (UNAUTHORIZED COMPUTER ACCESS)

THE GRAND JURY FURTHER CHARGES:

1.     Paragraphs 1 through 10 are incorporated herein by reference.

2.     On or about August 15, 2023, in the District of South Carolina, the Defendant, WILLIAM JASON TAYLOR, did knowingly and intentionally access a protected computer without authorization, and as a result of such conduct, did recklessly cause and attempt to cause damage through the improper application of chemical mixtures to poultry, as described above, and a threat to public health or safety;

All in violation of Title 18, United States Code, Section 1030(a)(5)(B).

## COUNT 5
### (UNAUTHORIZED COMPUTER ACCESS)

THE GRAND JURY FURTHER CHARGES:

1.     Paragraphs 1 through 10 are incorporated herein by reference.

2.     On or about August 16, 2023, in the District of South Carolina, the Defendant, WILLIAM JASON TAYLOR, did knowingly and intentionally access a protected computer without authorization, and as a result of such conduct, did recklessly cause and attempt to cause damage through the improper application of chemical mixtures to poultry, as described above, and a threat to public health or safety;

All in violation of Title 18, United States Code, Section 1030(a)(5)(B).

## COUNT 6
### (UNAUTHORIZED COMPUTER ACCESS)

THE GRAND JURY FURTHER CHARGES:

1.     Paragraphs 1 through 10 are incorporated herein by reference.

2.     On or about August 18, 2023, in the District of South Carolina, the Defendant, WILLIAM JASON TAYLOR, did knowingly and intentionally access a protected computer without authorization, and as a result of such conduct, did recklessly cause and attempt to cause damage through the improper application of chemical mixtures to poultry, as described above, and a threat to public health or safety;

All in violation of Title 18, United States Code, Section 1030(a)(5)(B).

6

## **FORFEITURE**

UNAUTHORIZED COMPUTER ACCESS:

Upon conviction to violate Title 18, United States Code, Section 1030 as charged in this Indictment, the Defendant, WILLIAM JASON TAYLOR, shall forfeit to the United States any personal property that was used or intended for use to commit or to facilitate the commission of the offenses; and any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained, directly or indirectly, as a result of such offenses.

PROPERTY:

Pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture for the offenses charged in this Indictment includes, but is not limited to, the following:

A.    Cellular Phone:

iPhone 14 Plus
Model: A2632
IMEI: 356752987744634

B.    Cash Proceeds / Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to his violation of 18 U.S.C. § 1030.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of a Defendant-

A.    Cannot be located upon the exercise of due diligence;

B.    Has been transferred or sold to, or deposited with, a third person;

C.    Has been placed beyond the jurisdiction of the court;

7

       D.     Has been substantially diminished in value; or

       E.     Has been commingled with other property which cannot be
            subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of a Defendant up to the value of the forfeitable property.

Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), and Title 28,

United States Code, Section 2461(c).

A _____ *true* _____ BILL



/ FOREPERSON

BROOK B. ANDREWS
ACTING UNITED STATES ATTORNEY

By: _____
Winston D. Holliday Jr. (ID No. 07597)
Elle E. Klein (ID No. 12941)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201
Tel. (803) 929-3079
Fax (803) 254-2912
Email: Winston.Holliday@usdoj.gov